IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JACQUELINE GREEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:13-CV-4134-B** |
| | § | |
| **EXPERIAN INFORMATION SOLUTIONS, INC. and TRANSUNION LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Trans Union LLC's Motion for Continuance to Respond to Plaintiff's Motion for Summary Judgment (doc. 40), which Defendant filed on April 16, 2014, pursuant to Federal Rule 56(d). Fed. R. Civ. P. 56(d). For the following reasons, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

## I.

## BACKGROUND

Defendant requests the Court continue the date for its response to Plaintiff's Motion for Summary Judgment (doc. 33) until the discovery deadline of July 31, 2014. Mot. Cont. 3. Plaintiff opposes this request. *Id*. On April 21, 2014, the Court ordered the due date for Defendant's response held until May 21, 2014, the date by which the current Motion would be ripe. Doc. 42. Since that time Plaintiff has filed her Objection (doc. 46), and Defendant has replied (doc. 49). The Court will now consider whether to grant the continuance until July 31, 2014.

## II.

## ANALYSIS

"Rule 56(d) is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Hunsinger v. Sko Brenner Am., Inc.*, No. 3:13–CV–0988–D, 2014 WL 1462443, at *11 (N.D. Tex. Apr. 15, 2014) (slip copy) (internal quotations and alterations omitted). The Rule functions as a "safe harbor" and is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). Thus, under Rule 56(d), the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Though the Fifth Circuit has stated that Rule 56(d) motions are "broadly favored and should be liberally granted," a party requesting such relief must indicate "why [it] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (emphasis in original); *Stults v. Conoco, Inc.*, 76 F.3d 651, 657–58 (5th Cir. 1996) (internal quotation marks omitted). Consequently, it is not enough for party to "allege discovery is incomplete or that discovery will produce needed but unspecified facts." *Hunsinger*, 2014 WL 1462443, at *12. The party must instead "demonstrate 'how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact.'" *Id.* (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284–85 (5th Cir. 1985)). In other words, if a party "fail[s] to

explain what discovery [it] had, why it was inadequate, and what [it] expected to learn from further discovery" and instead offers only "vague assertions of the need for additional discovery," it will not be entitled to a continuance. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (internal quotation marks omitted).

In support of its Motion, Defendant argues that it "has been unable to obtain substantive discovery from the Plaintiff on the merits of Plaintiff's action." Doc. 48, Blatney Decl. at App. 1. In particular, Defendant claims that Plaintiff's responses to its Requests for Admissions were not meaningful, as she either objected to or maintained she could not answer the majority of Defendant's requests. *Id.* at App. 1–2. Plaintiff has also declined to supplement her responses, which prompted Defendant to file its Motion to Deem Matters Admitted (docs. 38, 39). *Id.* at App. 2. In addition, Defendant insists it is waiting for other discovery materials, including Plaintiff's responses to its Requests for Productions and Interrogatories, as well as records Defendant subpoenaed from third-party Bank of America. *Id.* Finally, after reviewing documents it received from some of Plaintiff's creditors, Defendant argues it needs more time to subpoena additional materials from a collection company and to depose Plaintiff. *Id.* at App. 2–3. Ultimately, Defendant argues the continuance is necessary so it can present facts that show Plaintiff cannot establish elements of her 15 U.S.C. § 1681i claim, namely that Plaintiff's credit file contained inaccurate information and Defendant failed to conduct a reasonable investigation. Def.'s Reply 2.

In her opposition, Plaintiff claims this continuance is unnecessary. She argues that Defendant's attorney has admitted in her declaration that Defendant did not legally verify the accuracy of any disputed items in her credit report and also failed to delete the unverified items as required by law. Pl.'s Opp. 1–2. She further alleges that Defendant lied when it stated that it verified

the accuracy of the disputed accounts. *Id*. at 2. In support, Plaintiff highlights the fact that Defendant has failed to produce any of the documents it used to verify her accounts. *Id.* at 2–3.In addition, she points out that Defendant's declaration states that it needs time to obtain documents to prove the accuracy of items that Plaintiff challenged. *Id.* at 3.

After reviewing the parties' filings, arguments, and the relevant law, the Court is of the opinion that Defendant's Motion is meritorious. Defendant has gone beyond "vague assertions" and articulated why the discovery it has obtained is inadequate and what it expects to learn from the items and deposition for which it seeks more time. *See Bauer*, 169 F.3d at 968. Further, the Court disagrees with Plaintiff's insistence that Defendant has admitted that it never verified her accounts. Defendant's Motion and accompanying declaration do not address what actions Defendant took to verify her accounts at the time she challenged them. That Defendant does not currently have copies of the documentation does not prove that Defendant failed to conduct a reasonable investigation of Plaintiff's accounts when it was required to do so. As Plaintiff has provided no authority to suggest other, the Court finds her argument unavailing.

Nevertheless, the Court is mindful that Rule 56(d) "offers relief where the nonmovant has not had a full opportunity to conduct—not to complete— discovery. The two concepts are distinct." *Hunsinger*, 2014 WL 1462443, at *11. Indeed, "Rule 56 does not require that discovery take place before granting summary judgment." *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam). Thus, Defendant's request to continue its deadline to respond until the discovery deadline seems unwarranted. Indeed, Defendant has failed to explain why so much time is necessary, especially given Plaintiff's apparent availability to be deposed at the end of May or beginning of June. *See* Doc. 50, Def.'s Reply App. 7–8.

Consequently, the Court **ORDERS** Defendant's Motion is **GRANTED in part** and **DENIED in part**. Defendant shall have until **June 30, 2014** to file its response to Plaintiff's Motion for Summary Judgment.

**SO ORDERED.**

**SIGNED May 12, 2014.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE